Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★     ★ ★ ★

## DISSENTING OPINION

No. 04-07-00465-CV

**UNIFUND CCR PARTNERS**,
Appellant

v.

Javier **VILLA**,
Appellee

From the 111th Judicial District Court, Webb County, Texas
Trial Court No. 2006CVF001343-D2
Honorable Raul Vasquez, Judge Presiding

Opinion by: Catherine Stone, Justice
Dissenting opinion by: Sandee Bryan Marion, Justice
Dissenting opinion by: Rebecca Simmons, Justice

Sitting:     Alma L. López, Chief Justice
           Catherine Stone, Justice
           Karen Angelini, Justice
           Sandee Bryan Marion, Justice
           Phylis J. Speedlin, Justice
           Rebecca Simmons, Justice
           Steven C. Hilbig, Justice

Delivered and Filed:    September 17, 2008

I must respectfully dissent because I believe the $18,685 in sanctions assessed against Unifund was excessive. Also, I disagree with the court's consideration of this case en banc.

En banc consideration of a case is not favored and should not be ordered unless necessary to secure or maintain uniformity of a court's decisions or unless extraordinary circumstances require en banc consideration. TEX. R. APP P. 41.2(c). The standard for en banc consideration is not

whether a majority of the en banc court disagrees with all or a part of a panel opinion. *See Rodriguez v. Cuellar*, 143 S.W.3d 251, 265 (Tex. App.—San Antonio 2004, pet. dismissed) (López, C.J., dissenting). Rather, when there is no conflict among panel decisions, the existence of "extraordinary circumstances" is required before en banc consideration may be ordered. TEX. R. APP. P. 41.2(c). Here, Villa's sole reason for seeking en banc review is "the majority failed to apply [the abuse of discretion standard]." Villa's basis for this argument is that the panel opinion used the phrase "the trial court erred" rather than "the trial court abused its discretion." Villa does not explain how the panel departed from the abuse of discretion standard, and the Villas' only basis for requesting en banc review is to "maintain uniformity of th[is] Court's decisions." However, the Fourth Court of Appeals cases cited by Villa for this contention merely reflect a different outcome based on the individual facts presented in each unique case. I do not believe en banc consideration in this case is "necessary" to maintain uniformity with prior Fourth Court of Appeals decisions. Nor do I think the panel's limited holding that the amount of sanctions imposed was excessive is an "extraordinary circumstance" that "requires" en banc consideration. Here, the other members of this court disagree with the panel's decision, but because that is not the standard for en banc consideration, I voted to deny the motion for rehearing en banc.

As to whether the $18,685 in sanctions was excessive, we review a trial court's assessment of a sanction for an abuse of discretion. *Low v. Henry*, 221 S.W.3d 609, 619 (Tex. 2007). Merely because a trial court may decide a matter within its discretion in a different manner than an appellate court would in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Id.* However, in appropriate cases, the sufficiency of the evidence is a relevant factor in assessing whether the trial court abused its discretion. *Beaumont Bank v. Buller,* 806 S.W.2d 223, 226 (Tex. 1991); *Gardner v. Gardner,* 229 S.W.3d 747, 751 (Tex. App.—San Antonio 2007, no pet.).

Here, the trial court assessed sanctions pursuant to Civil Practice and Remedies Code section 10.002(c), finding that the $18,685 in sanctions "shall encompass Villa's costs for inconvenience and harassment caused by the subject litigation . . . ." The only evidence concerning harassment was Mr. Villa's testimony that he did <u>not</u> have any information that Unifund "did this just to harass [him] . . . ." As for inconvenience, Mr. Villa testified, without elaboration, that he was "worried," and Mrs. Villa testified she "got very upset," "started worrying," and "started yelling at [Mr. Villa]." Based on this record, I do not believe the trial court had sufficient evidence upon which to exercise its discretion to award $18,685 for Villa's "inconvenience and harassment caused by the subject litigation." *See Gardner*, 229 S.W.3d at 751.

The majority states the trial court "was informed that Unifund had over a billion dollars in assets" and "[e]vidence was presented that Unifund had eighty-four operating cases in Webb County alone." However, the trial court's order does not indicate the $18,685 in sanctions was for the purpose of deterring conduct, nor is there evidence in the record to support such a finding. Villa's attorney asked the court to enter sanctions against Unifund and/or Unifund's attorneys, stating in his argument that Unifund had over a billion dollars in assets and eighty-four operating cases in Webb County. Counsel did not define the nature of the eighty-four "operating" cases. Thus, nothing in the record supports any implied finding that Unifund has a history of filing lawsuits for "any improper purpose," that Unifund will continue to file lawsuits for "any improper purpose," or that "others similarly situated" file lawsuits for "any improper purpose."

The test for abuse of discretion is whether the trial court acted without reference to any guiding rules and principles, or equivalently, whether under all the circumstances of the particular case the trial court's action was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241-42 (Tex. 1985). Although I do not disagree with the majority's conclusion

that Unifund should be sanctioned in the amount of $2,871 for Villa's out-of-pocket attorney's fees and expenses, I cannot, on this record and under all the circumstances of this case, agree with the majority's conclusion that the trial court did not err in assessing an $18,685 sanction for Villa's "inconvenience and harassment." Therefore, I respectfully dissent.


Sandee Bryan Marion, Justice